United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 14-18012-jkf
Kim Floyd                                                       Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: DonnaR           Page 1 of 1           Date Rcvd: Feb 21, 2017
                              Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 23, 2017.
db             +Kim Floyd,    522 Winfield Avenue,    Upper Darby, PA 19082-2122

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 21, 2017 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    Lakeview Loan Servicing, LLC agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bnicholas@kmllawgroup.com,    bkgroup@kmllawgroup.com
              GEORGETTE   MILLER    on behalf of Debtor Kim  Floyd info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;MLee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com
              JOHN ERIC KISHBAUGH    on behalf of Creditor    Specialized Loan Servicing LLC jkishbaugh@udren.com,
               vbarber@udren.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
               bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
              LORRAINE GAZZARA DOYLE    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New
               York, as Trustee ldoyle@udren.com,    vbarber@udren.com
              THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Floyd <br> _Debtor_ <br> Lakeview Loan Servicing, LLC <br> _Movant_ <br> vs. <br> Kim Floyd <br> _Debtor_ <br> William C. Miller, Esq. <br> _Trustee_ | CHAPTER 13 <br><br> NO. 14-18012 JKF <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$955.92**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2017 at $1,290.98 each |
| Post-Petition Suspense: | ($335.06) |
| **Total Post-Petition Arrears** | **$955.92** |

2. The Debtor shall cure said arrearages in the following manner;

a.) Within thirty (30) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include post-petition arrears in the amount of $955.92 along with pre-petition arrears.

b.) Movant will file an Amended Proof of Claim in accordance with Debtor's Amended Chapter 13 Plan to include post-petition arrears in the amount of $955.92 along with pre-petition arrears.

c). Beginning March 2017, Debtor shall pay the present regular monthly payment of **$1,290.98** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address: **M&T Bank, P.O. Box 1288, Buffalo, NY 14240-1288.**

d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 10, 2017

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2/13/2017

Georgette Miller, Esq.
Attorney for Debtor

Approved by the Court this 21st day of February, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon